The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REV LLC, a Washington limited liability company, | Case No. 3:25-CV-05150-JHC |
| Plaintiff, | DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT |
| vs. | |
| ROBERT NAUGLE JR., an individual; and Does 1-10, | |
| Defendant. | |
| ROBERT NAUGLE JR., an individual, | |
| Counterclaimant, | |
| vs. | |
| REV LLC, a Washington limited liability company, | |
| Counterclaim-Defendant. | |
| ROBERT NAUGLE JR., an individual, | |
| Third-Party Plaintiff, | |
| vs. | |
| ANNE SPRUTE, an individual, and PETER RANSOME, an individual, | |
| Third-Party-Defendants. | |

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD PARTY COMPLAINT
[No. 3:25-CV-05150-JHC]

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Defendant Robert Naugle, Jr. ("Naugle" or "Defendant"), by and through his undersigned attorney, hereby answers and responds to Plaintiff's Second Amended Complaint (the "SAC"). Except as expressly admitted herein, Naugle denies each and every allegation in the SAC.

## ANSWER

### I.    PARTIES AND JURISDICTION

1.1    Naugle admits that Plaintiff is a Washington Limited Liability Company with a principal place of business in Washington.  Naugle denies the remaining allegations set forth in this paragraph.

1.2    Naugle admits that he is a founding member and owns a 49% equity and voting interest in Plaintiff and that he currently resides in Michigan. Naugle admits that REV has been required to make certain payments recently to Naugle as required by court order in Naugle's divorce proceeding with Third-Party Defendant Sprute. Naugle denies the remaining allegations set forth in this paragraph.

1.3    Paragraph 1.3 of the SAC contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

### II.    BACKGROUND FACTS

2.1    Naugle admits that REV's current Operating Agreement he is listed as owning 49% of REV and that Sprute is listed as owning 51% of REV. Naugle denies the remaining allegations set forth in this paragraph.

2.2    Naugle admits that the Operating Agreement contains a Section 5, which is entitled "Powers and Duties of Mangers" and that it contains a subsection 5.1.  Naugle denies the remaining allegations set forth in this paragraph.

2.3    Naugle admits that this paragraph accurately quotes Section 5.1.1 of the Operating Agreement.

2.4    Naugle denies that this paragraph accurately quotes Section 5.1.2 of the Operating Agreement.

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 0

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1    2.5    Naugle admits that this paragraph accurately quotes Section 5.1.3 of the Operating

2    Agreement.

3    2.6    Naugle denies the allegations in this paragraph.

4    2.7    Naugle denies the allegations in this paragraph.

5    2.8    Naugle denies the allegations in this paragraph.

6    2.9    Naugle denies the allegations in this paragraph.

7    2.10    Naugle denies the allegations in this paragraph.

8    2.11    Naugle denies the allegations in this paragraph.

9    2.12    Naugle denies the allegations in this paragraph.

10    2.13    Naugle denies the allegations in this paragraph.

11    2.14    Naugle denies the allegations in this paragraph.

12    2.15    Naugle denies the allegations in this paragraph.

13    2.16    Naugle denies the allegations in this paragraph.

14    2.17    Naugle denies the allegations in this paragraph.

15    2.18    Naugle denies the allegations in this paragraph.

16    2.19    Naugle denies the allegations in this paragraph.

17    2.20    Naugle denies the allegations in this paragraph.

18    2.21    Naugle admits that certain statements were made as part of FRE 408 and ER 408

19    protected communications in an effort to resolve this dispute and that the SAC portrays them out

20    of context.  Naugle denies the remaining allegations in this paragraph.

21    2.22    Naugle denies the allegations in this paragraph.

22    2.23    Naugle denies the allegations in this paragraph.

23    2.24    Naugle admits that he did request that Care Partners Plus transfer the referenced

24    shares to Ms. Sprute as part of attempted good-faith negotiations to try to resolve this dispute and

25    the parties' divorce proceeding.  Naugle denies the remaining allegations in this paragraph.

26

27

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1    2.25    Naugle denies that he engaged in any misconduct and otherwise. Naugle lacks

2    knowledge or information sufficient to form a belief as to the truth or lack thereof of the remaining

3    allegations in this paragraph and on that basis denies them.

4    **III.    FIRST CAUSE OF ACTION – DECLARATION RELIEF**

5    3.1    Naugle incorporates by reference his answers contained in the preceding

6    paragraphs of this Answer.

7    3.2    This paragraph contains nothing but legal conclusions and argument, which do not

8    require a response. To the extent a response is required, Naugle denies the allegations in this

9    paragraph.

10    3.3    This paragraph contains nothing but legal conclusions and argument, which do not

11    require a response. To the extent a response is required, Naugle denies the allegations in this

12    paragraph.

13    3.4    This paragraph contains nothing but legal conclusions and argument, which do not

14    require a response. To the extent a response is required, Naugle denies the allegations in this

15    paragraph.

16    **IV.    SECOND CAUSE OF ACTION – PRELIMINARY INJUNCTION**

17    4.1    Naugle incorporates by reference his answers contained in the preceding

18    paragraphs of this Answer.

19    4.2    This paragraph contains nothing but legal conclusions and argument, which do not

20    require a response. To the extent a response is required, Naugle denies the allegations in this

21    paragraph.

22    4.3    This paragraph contains nothing but legal conclusions and argument, which do not

23    require a response. To the extent a response is required, Naugle denies the allegations in this

24    paragraph.

25    4.4    This paragraph contains nothing but legal conclusions and argument, which do not

26    require a response. To the extent a response is required, Naugle denies the allegations in this

27    paragraph.

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

4.5     This paragraph contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

## V.      THIRD CAUSE OF ACTION – CONVERSION

5.1     Naugle incorporates by reference his answers contained in the preceding paragraphs of this Answer.

5.2     This paragraph contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

5.3     This paragraph contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

5.4     This paragraph contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

5.5     This paragraph contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

5.6     This paragraph contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

## VI.      FOURTH CAUSE OF ACTION – TRESPASS TO CHATTEL

6.1     Naugle incorporates by reference his answers contained in the preceding paragraphs of this Answer.

6.2     This paragraph contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

## VII.    FIFTH CAUSE OF ACTION – CRIMINAL PROFITEERING

7.1    Naugle incorporates by reference his answers contained in the preceding paragraphs of this Answer.

7.2    This paragraph contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

7.3    This paragraph contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

## VIII.    SIXTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTIES

8.1    Naugle incorporates by reference his answers contained in the preceding paragraphs of this Answer.

8.2    This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

8.3    This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

8.4    This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

## IX.    SEVENTH CAUSE OF ACTION – TORTIOUS INTERFERENCE

9.1    Naugle incorporates by reference his answers contained in the preceding paragraphs of this Answer.

9.2    This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

9.3     This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

9.4     This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

9.5     This paragraph contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

9.6     This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

## X.     EIGHTH CAUSE OF ACTION – MISAPPROPRIATION OF TRADE SECRETS

10.1     Naugle incorporates by reference his answers contained in the preceding paragraphs of this Answer.

10.2     This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

10.3     This paragraph contains nothing but legal conclusions and argument, which do not require a response.  To the extent a response is required, Naugle denies the allegations in this paragraph.

10.4     This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

10.5     This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1   **XI.     NINTH CAUSE OF ACTION – BREACH OF CONTRACT AND VIOLATION OF**
2   **THE COVENANT OF GOOD FAITH AND FAIR DEALING**

3   11.1    Naugle incorporates by reference his answers contained in the preceding
4   paragraphs of this Answer.

5   11.2    This paragraph contains nothing but legal conclusions and argument, which do not
6   require a response. To the extent a response is required, Naugle denies the allegations in this
7   paragraph.

8   11.3    This paragraph contains nothing but legal conclusions and argument, which do not
9   require a response. To the extent a response is required, Naugle denies the allegations in this
10  paragraph.

11  11.4    This paragraph contains nothing but legal conclusions and argument, which do not
12  require a response. To the extent a response is required, Naugle denies the allegations in this
13  paragraph.

14  11.5    This paragraph contains nothing but legal conclusions and argument, which do not
15  require a response. To the extent a response is required, Naugle denies the allegations in this
16  paragraph.

17  **XII.    TENTH CAUSE OF ACTION – COMPUTER FRAUD AND ABUSE**
18  **ACT 18 U.S.C. § 1030**

19  12.1    Naugle incorporates by reference his answers contained in the preceding
20  paragraphs of this Answer.

21  12.2    This paragraph contains nothing but legal conclusions and argument, which do not
22  require a response. To the extent a response is required, Naugle denies the allegations in this
23  paragraph.

24  12.3    This paragraph contains nothing but legal conclusions and argument, which do not
25  require a response. To the extent a response is required, Naugle denies the allegations in this
26  paragraph.

27

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 6

12.4    This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

12.5    This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

## XIII.    ELEVENTH CAUSE OF ACTION – UNJUST ENRICHMENT

13.1    Naugle incorporates by reference his answers contained in the preceding paragraphs of this Answer.

13.2    This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

13.3    This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

## XIV.    TWELFTH CAUSE OF ACTION – CIVIL CONSPIRACY

14.1    Naugle incorporates by reference his answers contained in the preceding paragraphs of this Answer.

14.2    This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

14.3    This paragraph contains nothing but legal conclusions and argument, which do not require a response. To the extent a response is required, Naugle denies the allegations in this paragraph.

## XV.    PLAINTIFF'S PRAYER FOR RELIEF

Naugle denies that REV is entitled to any relief in connection with the claims asserted in the SAC.

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

## DEFENSES AND AFFIRMATIVE DEFENSES

Naugle alleges the following defenses and affirmative defenses with respect to the claims alleged, without assuming the burden of proof where the burden of proof rests on Plaintiff. The below defenses are based on the facts and information currently known to Naugle. Naugle also hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves his right to amend this Answer and assert all such defenses.

1.      The SAC, in whole or in part, fails to state a claim against Naugle upon which relief can be granted.

2.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3.      Plaintiff's claims against Naugle are barred in whole or in part by the equitable doctrines of estoppel, waiver, laches, illegality, and/or unclean hands.

4.      Plaintiff lacks authorization to assert claims against Naugle, as the decision to have REV engage litigation counsel and file suit against Naugle was not authorized under Section 5.2 of the Operating Agreement.

5.      Plaintiff is not entitled to recover any damages against Naugle because Plaintiff has not suffered any damages, loss, or injury caused by Naugle.

6.      Plaintiff's alleged damages, if any, were caused in whole or in part by its own acts, omissions, or misconduct.

7.      Plaintiff's alleged damages, if any, were caused in whole or in part by the acts or omissions of third parties over whom Naugle has no control and for whose actions Naugle is not legally responsible.

8.      Plaintiff has an adequate remedy at law, barring any equitable relief.

9.      Plaintiff's claims are barred in whole or in part by RCW 25.15.038.

10.     Plaintiff's claims are barred because Naugle's actions are subject to the business judgment rule.

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1    11.    Plaintiff's claims are barred because Naugle acted in good faith.

2    12.    Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate any

3    damages which it alleges to have suffered.

4    13.    Plaintiff's claims are barred in whole or in part because any damage, loss, or injury

5    Plaintiff may have suffered constitute damages unrecoverable at law, in equity, or otherwise.

6    14.    Plaintiff's claims are barred in whole or in part by RCW 19.108.900.

7    15.    Discovery in this action is ongoing, and Defendants reserve the right to amend this

8    Answer and assert additional defenses and affirmative defenses as warranted and as consistent

9    with the Civil Rules and/or any Court orders.

10    **COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

11    Counterclaimant and Third-Party Plaintiff Robert Naugle, Jr. ("Naugle") hereby assert the

12    following Counterclaims against Counterclaim-Defendant REV LLC a.k.a. REVTECH ("REV")

13    and Third Party Claims against Third-Party Defendants Anne Sprute and Peter Ransome as follows:

14    **I.    PARTIES**

15    1.    Naugle is the founder of REV who until recently served as its longtime Chief

16    Executive Officer ("CEO"). He was also its Managing Owner for many years, and currently owns

17    49% of REV, as set forth in REV's First Amended and Restated Operating Agreement, dated

18    January 1, 2019 ("Operating Agreement"). Naugle currently resides in Michigan—his original

19    home state—in light of his ongoing divorce proceeding with Anne Sprute.

20    2.    Counterclaim-Defendant REV is a Washington Limited Liability Company with a

21    principal place of business in Lakewood, Washington.

22    3.    Third-Party Defendant Anne Sprute ("Sprute") currently resides in Lakewood,

23    Washington. Sprute and Naugle married in 2004, but their marriage is currently in the process of

24    being dissolved in a related divorce proceeding pending before this Court. Sprute is currently listed

25    in the Operating Agreement as owning 51% of REV. Sprute was only made a 51% owner of REV

26    in an effort to leverage socio-economic procurement benefits with public entities under the Woman

27    Owned & Disabled Veteran Status. However, that strategy never came to fruition or yielded any

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 9

1  benefits for REV as Sprute was unwilling to comply with the State of Washington's WBE

2  standards. It was only after Naugle filed for divorce did Sprute assume control of managing REV

3  through a new management team she put in place unilaterally. As set forth in Naugle and Sprute's

4  IRS tax filings in 2023 and REV's original Operating Agreement Sprute, is listed as REV's Tax

5  Partner and a real-estate professional.

6       4.     Third-Party Defendant Peter Ransome ("Ransome") purports to be the current CEO

7  of REV. Upon information and belief, he currently resides in Holly Springs, North Carolina.

## II.    JURISDICTION AND VENUE

9       5.     This court has subject matter jurisdiction over this action under RCW 2.08.010.

10      6.     Venue before this Court is proper pursuant to RCW 4.12.020 because a substantial

11 part of the events giving rise to Naugle's claims occurred in Pierce County.

## III.    BACKGROUND FACTS

13      7.     Naugle founded REV in its current technology services form in approximately

14 January 2016. (The company was in a different posture prior to that after its original formation

15 and corporate filing in April 2011 as an independent consultancy supporting what became a

16 501(c)(3) entity.) From 2016 until February 2024, Naugle served as REV's Managing Owner and

17 CEO, at which time Naugle hired a fractional (1099) CEO Jesse Alexander. (Alexander was later

18 replaced by Peter Ransome by Sprute's unilateral appointment.) During this the period from 2016

19 through February 2024, Naugle successfully created and grew REV from zero revenue in 2016 to

20 over $6.2M with an aggregate total revenue of more than $20M and greater than a dozen clients

21 for those 7+ years as well as three distinct service line offerings: (1) commercial software

22 development services & consulting; (2) government software development services and consulting;

23 and (3) a unique technology product serving state and local government with human services. This

24 rapid and impressive growth fueled the majority of Naugle and Sprute's real-estate portfolio and

25 marital community assets that are being contested as part of the divorce proceeding before this

26 Court.

27

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 10

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

8.      In prior years, Sprute and Naugle discussed some opportunities that may be available to REV if they tried to recast REV as a Women Owned Small Business ("WOSB").  To that end, they entered into the current Operating Agreement in January 2019, which nominally shifted Sprute's ownership interest in REV to 51% and provided her with certain basic management-related rights under Section 5.1 of the Operating Agreement, but that still provided Naugle with the right to vote on and disapprove of any significant decisions with respect to REV under the Operating Agreement's Section 5.2.  During this period, though, Naugle continued to serve as REV's CEO and de facto, if not formal, Managing Partner.

9.      Thus, in reality, nothing changed in terms of the overall management of REV for years after the Operating Agreement went into effect.  Naugle still ran REV on a day-to-day basis, hiring and firing staff, selecting vendors, and conducting sales, among other things, while Sprute was generally a passive owner of REV except for performing limited duties in the area of risk and compliance. Sprute was well-suited for this role of overseeing REV's risk and compliance given her unique abilities to wield the court system in her favor as well as her fear-based approach to business and mitigating any wrongful termination employee claims or other potential legal matters as they arise.  Sprute was also assigned the role of "Tax Professional" for REV, under which she assisted in the end-of-year tax preparations in coordination with multiple third-parties. (It is noteworthy that Sprute is also listed as a "real-estate" professional on the couples' personal tax returns based on her logging over 750 hours per year in personal real-estate transactions and property management, which underscores that until recently she did not have a full-time role with REV.)  Since 2019 until the divorce proceeding, Sprute also oversaw and pushed for significant owner financial draws to be paid by REV to Sprute and Naugle as a couple on a quarterly basis to support her lavish lifestyle and continued and endless real-estate investments.

10.      Sprute has a very difficult personality.  She is significantly older than Naugle and towards the end of her marriage with Naugle, she became increasingly controlling and erratic with Naugle on a personal level.  As a result, on March 9, 2024, Naugle made the difficult decision to

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 11

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1    end his marriage with Sprute and leave Seattle in an effort to escape the emotionally abusive

2    marriage with her.

3    11.    Sprute did not take Naugle's departure well, and shortly thereafter began to take

4    vindictive and improper actions with respect to the couple's marital assets and their shared

5    company, REV.

6    12.    For example, after Naugle filed the divorce proceeding pending before this Court,

7    Sprute removed large sums of money from their joint accounts, including approximately $253,000

8    from their joint savings account.

9    13.    Sprute also conducted a hostile takeover of REV and began making a series of

10    unilateral decisions regarding the Company, including a number of decisions that exceeded the

11    scope of Section 5.1 of the Operating Agreement and that were of the type that required Naugle's

12    affirmative vote under Section 5.2 of the Operating Agreement.

13    14.    On March 20, 2024, Sprute withdraw $150,000 from REV's account in the form of

14    an "owner draw" and deposited it into her personal checking account at HAPO Credit Union. This

15    "owner draw," which is a form of distribution, was not authorized by Naugle.

16    15.    During this period Sprute hired Ransome as REV's new CEO, and began to direct

17    and coordinate with Ransome to hire a new management team in an effort to push Naugle out of

18    REV by cutting off and blocking his access to information and systems that he is entitled to receive

19    as REV's 49% owner, cutting him off and interfere with his communications with current and

20    prospective REV customers, changing his job title, making unilateral financial decisions regarding

21    REV that required Naugle's vote under Section 5.2 of the Operating Agreement, and eventually

22    purporting to "terminate" Naugle from any role with REV beyond a 49% owner, in violation of an

23    Order entered by this Court in the divorce proceeding many months prior.

24    16.    Since effecting her hostile takeover of REV in March 2024, upon information and

25    belief Sprute has caused REV to misuse and mismanage company funds and assets, including but

26    not limited to paying for Sprute's personal services and expenditures, and even paying for Sprute's

27    personal assistant and legal counsel to pursue her vindictive objectives against Naugle.

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 12

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

17.    On or about April 30, 2024, upon information and belief Sprute filed a false application with the United States Small Business Administration to be certified with Women Owned Small Business ("WOSB") status. Under 13 U.S.C. § 127.202(e), "[i]n the case of a limited liability company, one or more women . . . must serve as management members, with control over **all** decisions of the limited liability company." (Emphasis added.)  But under REV's Operating Agreement and specifically its Section 5.2, Sprute does not have control over "all" decisions of REV, which is a limited liability company.  This is because Naugle's vote is required for any company action governed by Section 5.2, including but not limited to distributions (Section 3.2) and Indemnification (Section 4), and decisions affecting REV's business and affairs (Section 5.1.1) that are not the type of basic management and operational decisions that may be executed by a Majority in Interest of the Members under Section 5.1.2.

18.    Since March 2024, Sprute has used her position as the 51% owner of REV, in conjunction with and aided by Ransome, to oppress Naugle, isolate him from REV and any information or decision-making regarding it, and then purport to "terminate" him, all in breach of their fiduciary duties that they owed to Naugle and in an effort to drive him from the company and create undue and improper leverage against Naugle for negotiations regarding the divorce proceeding and sale of ownership interests in REV.  This also includes Sprute's decision to engage litigation counsel, paid for by REV (and thus 49% paid for by Naugle), to file this lawsuit against Naugle and pursue Sprute's vendetta again him rather than retain her own counsel.  Moreover, Sprute and Ransome have now caused REV's purported legal counsel to jointly represent them without Mr. Naugle's required consent, as is required under Section 4 and 5.2 of the Agreement and Washington Rules of Professional Conduct 1.7 and 1.13(g).

19.    In summary, Sprute has thus far weaponized REV as a means to gain leverage against Naugle in their hotly contested divorce proceeding and related negotiations.  Through these Counterclaims and Third-Party Claims, Naugle seeks to hold REV, Sprute, and Ransome accountable for their misconduct.

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 13

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

## IV.    COUNTERCLAIMS AGAINST REV AND THIRD-PARTY CLAIMS AGAINST SPRUTE AND RANSOME

### FIRST CAUSE OF ACTION—DECLARATORY RELIEF

20.    Naugle incorporates the allegations in the proceeding paragraphs set forth herein.

21.    There is a justiciable controversy between and among REV, Sprute, and Naugle, which arises out of whether REV meets the requirements for a WOSB under its Operating Agreement and 13 U.S.C. § 127.202(e) because, contrary to this statutory provision, Sprute does not control "all" decisions of REV.

22.    This Court has the authority to adjudicate this dispute and enter an order and judgment declaring that Sprute does not control "all" decisions of REV in light of Section 5.2 of the Operating Agreement.

23.    Naugle seeks an order from the Court declaring such rights and obligations, which are necessary to prevent REV, Sprute, and Ransome from falsely representing to the United States Small Business Administration that it is eligible for WOSB certification.

### SECOND CAUSE OF ACTION—ACCOUNTING

24.    Naugle incorporates the allegations in the proceeding paragraphs set forth herein.

25.    Naugle is a founding Member of REV and owns 49% of its equity.

26.    As a Member, Naugle is entitled to financial information about REV's assets and financial condition pursuant to, *inter alia*, RCW 25.15.136.

27.    REV owes Naugle a contractual, legal, and equitable duty to provide Naugle with information necessary to assess the financial condition of the company.

28.    Despite Naugle's repeated requests, REV, Sprute, and Ransome have failed to provide Naugle with a complete and accurate accounting and other financial information he has requested to have access to—information which he had full access to until Sprute executed her hostile takeover of REV, as aided by Ransome.  Naugle needs this information in order to protect his interests and ensure fair and proper governance of REV. Naugle, as the founder and former CEO of REV, also has concerns that Sprute and Ransome are not managing REV's financial

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 14

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

performance in a manner to benefit the company and its employees, and are instead wielding it as their own personal piggy bank. For example, upon information and belief Ransome—presumably at Sprute's direction—has not made any of the quarterly IRS tax distributions for the company's tax filings in 2024.  Upon information and belief, this is part of an effort to make Naugle responsible personally for half the tax payments traditionally made by REV in previous years.

29.     REV, Sprute, and Naugle are in breach of their contractual, equitable, legal, and statutory obligations to provide an accounting.

### THIRD CAUSE OF ACTION—JUDICIAL DISSOLUTION

30.     Naugle incorporates the allegations in the proceeding paragraphs set forth herein.

31.     This Court has jurisdiction under Washington law to dissolve a limited liability company, in a proceeding brought by a member, for a variety of enumerated reasons.

32.     Naugle, as a Member of REV, demands judicial dissolution of the company because, among other reasons and as set forth above, Sprute and Ransome—who are in control of the company—have acted, are acting, and on information and belief will continue to act in a manner that is oppressive and/or fraudulent, and REV's assets are being misapplied and wasted.

33.     Naugle requests the Court enter an order dissolving REV, directing a final accounting, and distributing REV's assets after the process of winding up is completed, and after reconciliation of any improper benefit taken or received by any of the Third-Party Defendants, or damages caused to REV by their wrongful acts or omissions as alleged herein or later discovered.

### FOURTH CAUSE OF ACTION—BREACH OF FIDUCIARY DUTIES
### (ASSERTED AGAINST SPRUTE AND RANSOME)

34.     Naugle incorporates the allegations in the proceeding paragraphs set forth herein.

35.     As the 51% owner and holder of the Majority in Interest of the Members in REV, among her other positions with the company, Sprute owes Naugle fiduciary duties in this closely-held limited liability company.

36.     As the current CEO of REV, Ransome also owes fiduciary duties to Naugle as REV's Member and owner of 49% of its equity interests.

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 15

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1    37.    Sprute and Ransome's fiduciary duties are set forth in RCW 25.15.038.

2    38.    Sprute and Ransome have breached their fiduciary duties to Naugle.

3    39.    Naugle has been damaged by these breaches of fiduciary duty by Sprute and
4    Ransome in an amount to be proven at trial.

5    **FIFTH CAUSE OF ACTION—MINORITY OPPRESSION**

6    **(ASSERTED AGAINST SPRUTE)**

7    40.    Naugle incorporates the allegations in the proceeding paragraphs set forth herein.

8    41.    Sprute is the 51% owner and holder of the Majority in Interest of the Members in
9    REV, among her other positions with the company.  She thus owns a majority of REV's equity
10   and has a controlling interest in the company.

11   42.    Sprute has acted in a manner that is oppressive towards Naugle, who is a minority
12   owner of REV.

13   43.    By wielding her majority ownership to the oppression of Naugle, Sprute has
14   violated Naugle's reasonable expectations as a 49% owner and Member of REV and has caused
15   Naugle damages in an amount to be proven at trial.

16   **SIXTH CAUSE OF ACTION—UNJUST ENRICHMENT**

17   **(ASSERTED AGAINST SPRUTE)**

18   44.    Naugle incorporates the allegations in the proceeding paragraphs set forth herein.

19   45.    By unlawfully taking for herself at least $150,000 in funds from REV to which she
20   was not entitled, depleting REV's funds by causing it to pay for her personal expenses, and
21   wrongfully taking unauthorized distributions to the detriment of REV's other Member—Naugle—
22   Sprute has received numerous benefits at Naugle's expense.

23   46.    It would be highly unjust for Sprute to retain the benefits she received at Naugle's
24   expense through these actions.

25   47.     Sprute acts have harmed Naugle and have damaged him in an amount to be proven
26   at trial.

27

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 16

## SEVENTH CAUSE OF ACTION—WASTE

### (ASSERTED AGAINST SPRUTE AND RANSOME)

48.     Naugle incorporates the allegations in the proceeding paragraphs set forth herein.

49.     By unlawfully allowing Sprute to take for herself at least $150,000 in funds from REV to which she was not entitled, allowing the depletion of REV's funds by causing it to pay for Sprute's personal expenses, and taking other actions that had no reasonable business purposes and/or were recklessly harmful to REV, Sprute and Ransome have engaged in and/or approved conduct and transactions that have deprived Naugle of the economic benefit he is entitled to receive relating to his 49% ownership of REV.

50.     The actions by Sprute and Ransome were taken without a legitimate business purpose and in violation of Washington law and REV's Operating Agreement.

51.     The waste of REV's assets and funds by Sprute and Ransome have harmed Naugle and damaged him in an amount to be proven at trial.

## V.     PRAYER FOR RELIEF

WHEREFORE, having fully answered the SAC, and having asserted affirmative defenses, counterclaims, and third-party claims, Naugle prays for relief as follows:

A.     That the Court enter an order and judgment dismissing with prejudice all claims and allegations asserted in the SAC against the Naugle and that REV receive nothing in connection with its claims;

B.     That the Court award damages with prejudgment interest to Naugle on his Counterclaims and Third-Party Claims in an amount to be determined at trial;

C.     That the Court enter a judgment compelling REV, Sprute, and Ransome to provide a complete and accurate accounting of REV's assets, business affairs, and financial condition to Naugle;

D.     That the Court enter an order and judgment declaring that Sprute does not control "all" decisions of REV in light of Section 5.2 of the Operating Agreement;

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 17

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

E.      That the Court dissolve REV, directing a final accounting, and distribute REV's assets after the process of winding up is completed, and after a reconciliation of any improper benefit taken or received by Sprute or Ransome, or damages caused to REV and Naugle by their wrongful acts or omissions as alleged herein or later discovered;

F.      That the Court appoint a receiver if necessary to manage, liquidate, dissolve, and wind-up REV;

G.      That the Court enter a judgment awarding Naugle his reasonable attorneys' fees and costs of suit, as allowed by any contractual, equitable, legal, or statutory basis; and

H.      For all such other and further relief to Naugle as the Court deems just and equitable.


Respectfully submitted this 28th day of February, 2025.

SEYFARTH SHAW LLP

By:    */s/ Andrew R. Escobar*
           Andrew R. Escobar, WSBA No. 42793
           Byung-Hee Keum, WSBA No. 57174
           999 Third Avenue, Suite 4700
           Seattle, Washington 98104-4041
           Phone: (206) 946-4910
           Email: aescobar@seyfarth.com
                       dkeum@seyfarth.com

           *Attorneys for Defendant/Counterclaimant/Third-Party Plaintiff Robert Naugle Jr.*

DEFENDANT'S ANSWER, COUNTERCLAIMS,
AND THIRD-PARTY COMPLAINT
[No. 3:25-CV-05150-JHC] - 18

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

1

<u>**CERTIFICATE OF SERVICE**</u>

2        I do hereby certify that I have caused a true and correct copy of the foregoing

3   DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT, COUNTERCLAIMS,

4   AND THIRD-PARTY COMPLAINT to be served upon the following:

5
    CARNEY BADLEY SPELLMAN, P.S.                    ☒ via WDWA ECF
6   Mark Rosencrantz, WSBA No. 26552                ☐ via U.S. Mail
    Teva F. Sempel, WSBA No. 54896                  ☐ via Facsimile
7   701 Fifth Avenue, Suite 3600                    ☐ via Messenger Service
    Seattle, Washington 98104-7010
8   (206) 622-8020 | Phone                          ☒ via Email
    Email: rosencrantz@carneylaw.com
9         sempel@carneylaw.com

10  *Attorneys for Plaintiff REV LLC*

11

12        Dated this 28th day of February, 2025.

13                                       *s/ George Barrington*

14                                       George Barrington, Legal Assistant
                                         Seyfarth Shaw LLP
15                                       999 Third Avenue, Suite 4700
                                         Seattle, WA 98104-4041
16                                       Email: gbarrington@seyfarth.com

17

18

19

20

21

22

23

24

25

26

27